UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACOB L. EDE,<br><br>                    Plaintiff,<br><br>      v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>                    Defendant. | Case No. 1:22-cv-00052-EPG<br><br>ORDER GRANTING, IN PART, MOTION FOR ATTORNEY'S FEES PURSUANT TO 42 U.S.C. § 406(b)<br><br>(ECF No. 21) |

On March 18, 2024, John Metsker, counsel for Plaintiff Jacob L. Ede, filed a motion for an award of attorney's fees under 42 U.S.C. § 406(b). (ECF No. 21). Plaintiff and the Commissioner of Social Security were each served with a copy of the motion. (ECF No. 22). Plaintiff has not filed any response to the motion. On April 1, 2024, the Commissioner filed a response providing analysis regarding the fee request but taking no position on its reasonableness.[1] (ECF No. 24). The parties have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c) with any appeal to the Court of Appeals for the Ninth Circuit. (ECF No. 10).

For the reasons set forth below, the motion for attorney's fees is granted, in part, in the amount of $14,888.37, subject to an offset of $6,800.00 in fees already awarded pursuant to the

---

[1] The Commissioner "requests that the Court order indicate the amount of any § 406(b) award it authorizes but decline to include language directing that the Commissioner 'pay' the award." (ECF No. 24 at 2). Alternatively, "the Commissioner requests that the Court specifically indicate that any amount it authorizes in § 406(b) fees is to be paid out of Plaintiff's past-due benefits in accordance with agency policy." (*Id.*)

Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d), on May 1, 2023 (ECF No. 20).

## I. BACKGROUND

Plaintiff filed the complaint in this case on January 11, 2022. (ECF No. 1).

On February 13, 2023, the undersigned entered a final order reversing the Commissioner's decision, remanding for further proceedings, and entering judgment in favor of Plaintiff and against the Commissioner. (ECF Nos. 17, 18). On May 1, 2023, pursuant to the parties' stipulation, the Court entered an order awarding Plaintiff $6,800.00 in EAJA fees. (ECF Nos. 19, 20).

On remand, the Commissioner calculated Plaintiff's past-due Social Security Insurance benefits at $64,232.62. (ECF No. 21-1 at 3). This matter is now before the Court on Mr. Metsker's motion, seeking an award of $16,058.15, which is approximately 25% of Plaintiff's past-due SSI benefits. (ECF No. 21 at 3).

## II. DISCUSSION

Under the Social Security Act, attorneys may seek a reasonable fee for cases in which they have successfully represented social security claimants. Section 406(b) provides:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, *not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment*, and the Commissioner of Social Security may . . . certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits . . . .

42 U.S.C. § 406(b)(1)(A) (emphasis added).

"In contrast to fees awarded under fee-shifting provisions such as 42 U.S.C. § 1988, the [§ 406(b)] fee is paid by the claimant out of the past-due benefits awarded; the losing party is not responsible for payment." *Crawford v. Astrue*, 586 F.3d 1142, 1147 (9th Cir. 2009) (en banc) (citing *Gisbrecht v. Barnhart*, 535 U.S. 789, 802 (2002)). Even though the § 406(b) fee award is not paid by the Government, the Commissioner "plays a part in the fee determination resembling that of a trustee for the claimant[]." *Gisbrecht*, 535 U.S. at 798 n. 6. The goal of awarding fees under § 406(b) was to prohibit "exorbitant fees" from being collected by attorneys but also to provide sufficient fee awards "to encourage adequate representation of claimants." *Crawford*, 586

F.3d at 1149 (internal citations omitted).

The 25% maximum fee is not an automatic entitlement, and courts are required to ensure that the requested fee is reasonable. *Gisbrecht*, 535 U.S. at 808-09 (holding that § 406(b) does not displace contingent-fee agreements within the statutory ceiling; instead, § 406(b) instructs courts to review for reasonableness fees yielded by those agreements). "Within the 25 percent boundary . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Id.* at 807; *see also Crawford*, 586 F.3d at 1148 (noting that § 406(b) "does not specify how courts should determine whether a requested fee is reasonable" but "provides only that the fee must not exceed 25% of the past-due benefits awarded").

Generally, "a district court charged with determining a reasonable fee award under § 406(b)(1)(A) must respect 'the primacy of lawful attorney-client fee arrangements,' . . . 'looking first to the contingent-fee agreement, then testing it for reasonableness.'" *Crawford*, 586 F.3d at 1148 (quoting *Gisbrecht*, 535 U.S. at 808). The United States Supreme Court has identified several factors that may be considered in determining whether a fee award under a contingent-fee agreement is unreasonable and therefore subject to reduction: (1) the character of the representation; (2) the results achieved by the representative; (3) whether the attorney engaged in dilatory conduct in order to increase the accrued amount of past-due benefits; (4) whether the benefits are large in comparison to the amount of time counsel spent on the case; and (5) the attorney's record of hours worked. *Id.* (citing *Gisbrecht*, 535 U.S. at 807-08).

Here, Mr. Metsker seeks an award of $16, 058.15 under 42 U.S.C. § 406(b) for 30.2 hours.[2] (ECF No. 21-3). The requested amount is approximately equivalent to 25% of the past due benefits payable to Plaintiff. (ECF No. 21 at 1).

The fee agreement signed by Plaintiff at the outset of litigation specifically provides for a fess for representation in federal court as follows:
> The federal court attorneys' fee for representation in my disability claim(s) shall be the **GREATER** of the following:
> 1) **25% (twenty-five percent)** of the past-due benefits resulting from my claim or claims, **OR**
> 2) The amount of any award ordered pursuant to the Equal Access to Justice Act (EAJA) for the hours expended in pursuit of my claim(s) against the Social Security Administration.

---

[2] Mr. Metsker also includes a declaration, signed under penalty of perjury, that the billing records are a "true and correct representation of the actual attorney time expended by [counsel] in this matter." (ECF No. 21-3 at 2).

(ECF No. 21-1). The agreement also provides that "the attorney fee for this representation is separate from and in addition to any fee for representation before the agency." (*Id.*) Mr. Metsker's declaration states that he also represented Plaintiff at the administrative level and was "awarded $7,200.00 for representing Plaintiff at the administrative level" pursuant to 42 U.S.C. 406(a). (ECF No. 21-4 at 3). The motion also notes that "[a]dministrative fee awards are not subject to the 25% fee cap imposed by 42 U.S.C. § 406(b)." (ECF No. 21 at 6) (citing *Culbertson v. Berryhill*, 139 S.Ct. 17, 518 (2019)).

Turning now to the reasonableness of the fee request in light of the contingency-fee agreement, the Court has considered the character of counsel's representation of Plaintiff and the good results achieved by counsel, which include obtaining a stipulated remand and an award of benefits after further proceedings. There is no indication that a reduction is warranted due to any substandard performance by counsel and there is no evidence that counsel engaged in any dilatory conduct resulting in delay.

Here, Mr. Metsker seeks compensation for 30.2 hours spent in connection with Plaintiff's representation before the Court in this case, resulting in an effective hourly rate of $531.72. The Ninth Circuit has found similar and higher effective hourly rates reasonable in social security contingency fee arrangements. *See, e.g., Crawford*, 586 F.3d at 1153 (explaining that the majority opinion found reasonable effective hourly rates equaling $519, $875, and $902) (J. Clifton, concurring in part and dissenting in part).

However, the Court notes that several of the time entries for Mr. Metsker include clerical tasks, such as preparing case related documents, filing documents, and reviewing calendar deadlines or other court administrative orders. (*See* ECF No. 21-3 at 1). "Clerical or administrative work is not compensable under Section 406(b)." *Miranda v. Saul*, No. 8:18-cv-00130-MAA, 2020 WL 13190301, at *4 (C.D. Cal. Aug. 3, 2020) (citations omitted). "Courts have determined tasks such as preparing service documents, filing documents, completion of the form related to magistrate judge jurisdiction, and reviewing document receipts from the Court are clerical in nature." *Spitzer v. Saul*, No. 1:17-cv-01736-DAD-JLT, 2020 WL 1970064, at *3 (E.D. Cal. Apr. 24, 2020) (granting, in part, EAJA fee award in social security case). Thus, the 2.2. hours that Mr. Metsker spent on such tasks should be omitted from the fee award. *See Miranda*,

2020 WL 13190301, at *4 (reducing § 406(b) fee award for 1.2 hours of clerical and administrative work). Based on the record of attorney hours worked, the Court finds that a reduction of the fee award by $1169.78 for the 2.2 hours spent on clerical tasks is appropriate.

In making this determination, the Court recognizes the contingent-fee nature of this case and counsel's assumption of risk in agreeing to represent Plaintiff under such terms. "District courts generally have been deferential to the terms of contingency fee contracts in § 406(b) cases." *Harris v. Barnhart*, 262 F. Supp. 2d 1033, 1037 (N.D. Cal. 2003). Attorneys who agree to represent claimants pursuant to a contingent fee agreement assume the risk of receiving no compensation for their time and effort if the action fails. *Id.* Here, Plaintiff's counsel accepted the risk of loss in representing Plaintiff throughout this matter, Plaintiff agreed to the contingent fee, and counsel successfully secured a remand and an award of substantial benefits to Plaintiff.

In light of the foregoing and taking into account a reduction of the hours spent on clerical work, an award of attorney fees pursuant to § 406(b) in the amount of $14,888.37 is thus appropriate. An award of § 406(b) fees, however, must be offset by any prior award of attorney fees granted under the EAJA. *See* 28 U.S.C. § 2412; *Gisbrecht*, 535 U.S. at 796. Plaintiff was awarded $6,800.00 in EAJA fees, and counsel agrees to refund these fees. (ECF No. 21 at 6).

### III. CONCLUSION AND ORDER

For the reasons stated above, IT IS ORDERED that the motion for attorney fees (ECF No. 21) is GRANTED IN PART as follows:

1. The Court authorizes attorney fees under 42 U.S.C. § 406(b) in the amount of $14,888.37, payable to the Metsker Law Firm out of Plaintiff's past-due benefits in accordance with agency policy.
2. Plaintiff's counsel is directed to refund Plaintiff $6,800.00 for the EAJA fees previously awarded pursuant to 28 U.S.C. § 2412(d) upon the receipt of these fees.

\\\
\\\
\\\
\\\

3. Plaintiff's counsel is directed to serve a copy of this order on Plaintiff and shall thereafter file a certificate of service on the docket.

IT IS SO ORDERED.

Dated:  **May 16, 2024**               /s/ Erica P. Grosjean
                                         UNITED STATES MAGISTRATE JUDGE